J.I. CASE CO., a foreign corporation,
Plaintiff-Employer-Respondent,

v.

LABOR & INDUSTRY REVIEW COMMISSION,
Worker's Compensation Division, State of Wisconsin,
Defendant,

James T. MATT, Defendant-Employee-Appellant.

Court of Appeals

*No. 83–990. Submitted on briefs December 8, 1983.—*
*Decided February 1, 1984.*
(Also reported in 346 N.W.2d 315.)

For the defendant-employee-appellant, the cause was submitted on the brief of *Philip L. Padden* of *Zubrensky, Padden, Graf & Maloney* of Milwaukee.

For the plaintiff-employer-respondent, the cause was submitted on the brief of *Richard J. Kreul* of *Riegelman, Kreul & Mueckler, S.C.* of Racine.

Before Scott, C.J., Brown, P.J., and Robert W. Hansen, Reserve Judge.

BROWN, P.J.   The LIRC's decision to admit or reject evidence in an administrative action, in contradiction to the decision of the hearing examiner, is a matter of discretion. We hold that when this discretion is exercised on an important issue in the case, the LIRC's reasoning process should be discussed. Because the record in this case does not clearly show such a discussion, we reverse and remand this case to the trial court with directions that it be referred to the commission to explain its reasoning.

After thirty-five years of employment, James Matt retired from the J.I. Case Co. He chose early retirement due to health problems. Upon retiring, Matt filed an application for worker's compensation benefits claiming occupational lung disease. J.I. Case contested this claim. Although it is undisputed that Matt suffers from nondisabling silicosis and that this condition developed due to his exposure to silica while working for J.I. Case, the company asserted that this condition was not the reason for his retirement. Rather, the company maintained that his retirement was due to a heart condition and leg problems. At the compensation hearing, the examiner found:

As of August 1, 1979, it was probably inadvisable for the applicant on account of his nondisabling silicosis to continue in his employment because of the well-known adverse effects of further exposure to silica. If the ap-

plicant ever decides to re-enter the labor market, his opportunities will be limited by the reluctance of employers to hire employees with silicosis.

Compensation was allowed in the amount of $2,600. The LIRC affirmed this determination without comment. J.I. Case then appealed to the circuit court claiming there was insufficient evidence to support the findings. The circuit court reversed and disallowed the compensation award holding that the examiner's factual findings were without evidentiary support in the record.

Section 102.565(1), Stats.,[1] allows compensation to employees who develop a clinically observable abnormality or condition as a result of exposure over a period of time to toxic or hazardous substances while at work. In addition to these findings, an examiner must also determine that "it is inadvisable for the employe to continue employment involving such exposure and the employe is discharged from or ceases to continue the employment, and suffers wage loss by reason of such discharge, or such cessation . . . ." *Id.* J.I. Case contends there is no evidence in the record to support the hearing examiner's findings that Matt was being exposed to toxic or hazardous substances at the time of his retirement or that a wage loss was suffered. The trial court agreed with J.I. Case that the challenged finding of

---

[1] Section 102.565(1), Stats., reads in pertinent part as follows:
When an employe working subject to this chapter, as a result of exposure in the course of his or her employment over a period of time to toxic or hazardous substances or conditions, develops any clinically observable abnormality or condition which, on competent medical opinion, predisposes or renders the employe in any manner differentially susceptible to disability to such an extent that it is inadvisable for the employe to continue employment involving such exposure and the employe is discharged from or ceases to continue the employment, and suffers wage loss by reason of such discharge, or such cessation, the department may allow such sum as it deems just as compensation therefor, not exceeding $13,000.

the examiner was unsupported. As the commission's adoption of the examiner's finding was handled summarily, the trial court held it was "subject to the same infirmity" and reversed the compensation award.

While we agree that the examiner's findings lack evidentiary support, the record also indicates Matt offered a vocational report at the initial hearing. This report would have provided the missing links necessary to fully support the examiner's factual findings. It contains statements regarding both Matt's last job function at J.I. Case which included spray painting tractors, thus exposing him to toxic substances, and his reduced earning capacity in positions not exposing him to pulmonary irritants. The hearing examiner refused to admit this report into evidence but did attach it to the record as an offer of proof. It is Matt's position that the commission, in affirming the examiner's award, rejected the examiner's evidentiary ruling and relied upon the information contained in the vocational specialist's report.

The LIRC is given broad discretion in determining whether certain evidence will be considered. It is not bound by the common law or statutory rules of evidence and may admit all testimony having reasonable probative value. *See* sec. 227.08(1), Stats. It may take into account all probative evidence not received by the hearing examiner. This is an exercise of discretion. However, this exercise of discretion means more than mere decision making.

Rather, the term contemplates a process of reasoning. . . . "[T]here should be evidence in the record that discretion was in fact exercised and the basis of that exercise of discretion should be set forth."

*McCleary v. State,* 49 Wis. 2d 263, 277, 182 N.W.2d 512, 519 (1971), quoting *State v. Hutnik,* 39 Wis. 2d 754, 764, 159 N.W.2d 733, 738 (1968). (Citations omitted.) A

decision which on its face shows no consideration of any of the factors on which the decision should be properly based constitutes an abuse of discretion as a matter of law. *Id.* at 277–78, 182 N.W.2d at 520.

It is conceivable that the commission, in affirming Matt's compensation award, reversed the examiner's evidentiary ruling excluding the vocational report. This action would have provided the credible evidence necessary to affirm the examiner's findings. However, we are given no clues that this is, in fact, what happened. The commission has made no record for us to examine. Thus, we are unable to tell the basis for the commission's affirmance. A reviewing court cannot exercise discretion for the decision maker. If an agency fails to exercise its discretion on an issue such as this, there is no way this court can review its final determination or pass upon whether its findings of fact are supported by a sufficient evidentiary basis. We acknowledge that, generally, the LIRC does not have to state its reasons for affirmance if it makes the same findings of fact. When, however, the validity of these findings are dependent upon a discretionary decision to admit evidence not relied upon by the examiner, the reasons must be set forth.

We do not go so far as to reverse, *in toto,* as did the trial court. When discretion has not been exercised, the proper avenue is to remand. We do not accept the trial court's rationale that the LIRC's summary action is "subject to the same infirmity" as the examiner. Therefore, we conclude that the decision of the circuit court must be reversed and the case remanded with directions that it be returned to the commission and that the commission be directed to show on the record the basis for its affirmance.

*By the Court.*—Judgment and order reversed and remanded with directions.